# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pedro L., <br><br> Petitioner, <br><br> v. <br><br> Todd Lyons, *in his capacity as Acting Director, Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Pamela Bondi, *U.S. Attorney General*; Executive Office for Immigration Review; and David Easterwood, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security*, United States Immigration and Customs Enforcement, Enforcement and Removal Operations. <br><br> Respondents. | Case No. 26-cv-00707 (MJD/ECW) <br><br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner Pedro L.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on January 27, 2026. (Dkt. 1.) According to the Petition, Petitioner is a citizen of Guatemala who has resided in the United States for more than 10 years. (*Id.* at 5, 12 ¶ 1.)[1] He has been detained in Immigration and Customs Enforcement ("ICE") custody since January 11, 2026. (*Id.* at 12 ¶ 3.) Petitioner seeks a declaratory judgment that he is subject only to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), and that he must

---

[1] Page number citations in this Report and Recommendation are to the page number assigned by CM/ECF.

be therefore released.  (*Id.* at 16.)  In the alternative, Petititon requests that he be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a), that the Court enjoin Respondents from denying Petitioner's bond under U.S.C. § 1225(b)(2), and should the Immigration Judge grant a bond, enjoin Respondents from invoking the auto-stay provision found at 8 C.F.R. § 1003.19(i)(2).  (*Id.* at 17.)

On January 27, 2026, U.S. District Judge Michael J. Davis issued an Order requiring Respondents to file their answer no later than January 30, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.  (Dkt. 3 at 1 ¶ 1.)  In addition, Judge Davis required that Respondent's answer include "affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention" and "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release."  (*Id.* at 2 ¶ 2(a), (d).)  Judge Davis also found that "habeas jurisdiction attached at the time of Petitioner's apprehension in this District" and that "jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another state."[2]  (*Id.* at 2 ¶ 4(a)-(b).)  In turn, Judge Davis "enjoined Respondents from removing Petitioner from the District of Minnesota" until a final decision has been made on the Petition and ordered Respondents "to immediately return Petitioner to Minnesota" if he has already been removed from Minnesota.  (*Id.* at 3 ¶¶ 5-6.)

---

[2]   Respondents do not dispute the Court's jurisdiction over the Petition.

On January 30, 2026, Respondents filed a Response. (Dkt. 5.) Respondents filed no supporting declaration or other evidence in support of their assertion or positions. Petitioner filed his reply on February 1, 2026 (Dkt. 6), and the case is now ripe for decision.

## I.   FACTS

Petitioner alleges, and Respondents do not dispute, that he is a citizen of Guatemala who has resided in the United States since December 2015. (Dkt. 1 at 2 ¶ 1; 5; 12 ¶ 1.) Petitioner has a minor child who is a United States Citizen living in Minnesota with Petitioner's wife. (*Id.* at 12 ¶ 1; Dkt. 1-1 at 11.) Petitioner alleges, and Respondents do not dispute, that he entered the United States without inspection, and that he is eligible and qualifies for a U-Visa, and that on December 22, 2025, a certifying official from the Hennepin County Attorney's Office signed a Form I-918B, certifying that Petitioner was the victim of a felonious assault in Minneapolis, Minnesota, on July13, 2023. (Dkt. 1 at 12 ¶¶ 2, 5; Dkt. 1-1 at 13-18.)

Petitioner was taken into ICE custody on or about January 11, 2026 in Brooklyn Center, Minnesota and has been in ICE custody since that date. (Dkt. 1 at 2 ¶ 1.) As of the date of the Petition, Petitioner was detained at the at the ERO Camp East Montana Detention Facility in El Paso, Texas. (Dkt. 1 at 2 ¶ 1; Dkt. 1-1 at 3.)

Respondents have provided no additional evidence or facts about the circumstances or reason for Petitioner's detention, other than to state that "ICE arrested Petitioner," that "Petitioner is 'deemed' to be an 'applicant for admission' under [8 U.S.C.] § 1225(a)(1)" as a noncitizen present in the United States, and should therefore

be detained under § 1225(b)(2) during removal procedures. (Dkt. 5 at 1, 3, 5.) Respondents do not address Judge Davis's Order requiring the return of Petitioner to Minnesota, or provide any update as to his present location. Nor do Respondents represent that a warrant preceded Petitioner's arrest or respond to Judge Davis's order to inform the Court whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release. (*See* Dkt. 5.)

## II.     LEGAL STANDARD

A federal court may provide habeas relief to a person who is detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). "The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus extends to immigration-related detention." *Diego L., v. Bondi, et al.*, No. 26-CV-382 (JMB/DJF), 2026 WL 145206, at *2 (D. Minn. Jan. 20, 2026) (citation modified). Petitioner has the burden of proving his entitlement to relief by a preponderance of the evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). As U.S. Magistrate Judge John F. Docherty recently explained in a similar case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

*Mahamed C.A. v. Noem*, No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1-2 (D. Minn. Dec. 16, 2025), *R. & R. adopted sub nom.*, 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

4

### III.   ANALYSIS

As stated above, Petitioner seeks immediate release, or in the alternative, that he provided with a bond hearing pursuant to 8 U.S.C. § 1226(a), that the Court enjoin Respondents from denying Petitioner's bond under U.S.C. § 1225(b)(2), and should the Immigration Judge grant a bond, enjoin Respondents from invoking the auto-stay provision found at 8 C.F.R. § 1003.19(i)(2).  (Dkt. 1 at 16-17.)

The Response states that "[t]he parties' disagreement in this case comes down to whether Petitioner is detained under § 1225 or § 1226 of Title 8 of the U.S. Code."  (Dkt. 5 at 1.)  The Response then cites several cases from this District where U.S. District Judge Paul A. Magnuson has "agreed with the government's argument."  (*Id.* at 2-3 (collecting cases).)  Next, the Response makes the following argument for denial of the Petition:

> Although the Eighth Circuit is poised to weigh-in soon, see *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), the Federal Respondents acknowledge this case presents similar legal and factual issues to prior habeas petitions. Rather than belabor these proceedings further by re-arguing points the Court has considered, the Federal Respondents will summarize the legal basis for the government's interpretation. The Federal Respondents request the Court note the arguments made below and hold they are preserved for appeal.

(*Id.* at 2-3.)  Respondent argues that pursuant to the statute's "catchall provision" under § 1225(b)(2) a noncitizen like Petitioner who is deemed an applicant for admission must be detained during removal proceedings, and that his detention should not be recast under § 1226 given the text, context, and structure of the statutes at issue.  (*Id.* at 3.)

5

In his Reply, Petitioner further argues that because "Respondents have not provided proof of a warrant in Petitioner's case, he should be ordered to be immediately released from their custody." (Dkt. 6 at 3.) In alternative, Petitioner continues to assert that he is entitled to a to a bond hearing under § 1226 as an individual who entered the United States over ten years ago who was not apprehended upon arrival. (*Id.* at 3.) Petitioner also notes that the ICE Detainee Locator states he is currently being held at the Freeborn Adult Detention Center in Albert Lea, Minnesota. (*Id.* at 2.)

The crux of the issue here is whether Petitioner, who has lived in the United States for over 10 years, should be treated as an "applicant[] for admission" under § 1225, subjecting him to mandatory detention, or as "an alien" who was "arrested and detained pending a decision on whether the alien is to be removed from the United States" under § 1226, and therefore entitled to a bond hearing before an immigration judge.

The Court agrees with the numerous thoughtful and persuasive decisions addressing this issue in this District and nationwide which overwhelmingly support granting the Petition. *See Mahamed C.A.*, 2025 WL 3771299, at *2-3 ("The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . . Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely to the government."). As another judge in this District recently explained: "Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the

6

mandatory detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Martin R. v. Noem*, No. 26-CV-168 (JMB/LIB), 2026 WL 115024, at *2 (D. Minn. Jan. 15, 2026). The Court sees no reason to depart from this well-reasoned consensus, and adopts the statutory analysis set forth in *Martin R.* and the myriad other cases rejecting Respondents' position.

The Court has carefully reviewed, but is not persuaded by, the minority of decisions in this District relied heavily upon Respondents (Dkt. 5 at 3-5) that have reached a different conclusion. *See Abdirahmaan G. v. Noem*, No. 26-34 (PAM/SGE), (Dkt. 7) (D. Minn. Jan. 14, 2026); *Jose C. v. Bondi*, No. 26-135 (PAM/DTS), (Dkt. 14) (D. Minn. Jan 20. 2026); *Apilonar L. v. Bondi*, No. 26-159 (PAM/JFD), (Dkt. 7) (D. Minn. Jan 21, 2026). In contrast to those decisions, the Court reads 8 U.S.C. § 1225(b)(2) to apply only to persons who are "presently seeking admission at the time of their detention." *See Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025) ("To be seeking admission means to be seeking entry, which 'by its own force implies a coming from outside.'" (quoting *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929)) (citation omitted); *see also Edwin C. R., v. Bondi*, No. 26-00355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026) (distinguishing cases cited by Respondents).

Having concluded that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b)(2), the Court next considers the appropriate remedy. Respondents argue that nothing in § 1226(a) grants release as a remedy. (Dkt. 5 at 7.) The Court agrees with the numerous cases in this

7

district that have held that an arrest warrant is a prerequisite for detention under 8 U.S.C. § 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases) (noting that issuance of a warrant is a necessary condition to justify detention under § 1226(a)); *Joaquin Q. L., v. Bondi*, No. 26-CV-233 (LMP/DTS), 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (same); *Edwin C. R.*, 2026 WL 185068, at *2 (same); *see also* 8 U.S.C. § 1226(a) ("**On a warrant** issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) ("Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'").

Respondents have not attempted to satisfy the warrant requirement of § 1226(a), even after being ordered to do so by the Court. (Dkt. 3 at 2 ¶ 2(a), (d).) Accordingly, immediate release is the appropriate remedy. *See Marlon S.T.L., P, v. Pamela Bondi, et al.*, No. 26-665 (DWF/LIB), 2026 WL 251975, at *2 (D. Minn. Jan. 30, 2026) ("A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment.") (citing 8 U.S.C. § 1226(a)); *see also Adriano L.V. v. Noem*, No. 26-CV-269 (MJD/DJF), 2026 WL 184570, at *3 (D. Minn. Jan. 18, 2026) ("The warrant requirement should not come as a surprise to Respondents, since it is plainly in the text of Section 1226(a), and it has been the basis for several orders for the immediate release of other, similarly situated, petitioners in this District."), *R. & R. adopted*, No. 26-269 (MJD/DJF), 2026 WL 194401 (D. Minn. Jan. 23, 2026)); *Edwin C.*

8

*R.*, 2026 WL 185068, at *2 (ordering immediate release where respondents failed to identify a valid statutory basis for detention including by failing to satisfy the warrant requirement of § 1226(a)); *Alberto C.M. v. Noem*, No. CV 26-380 (DWF/SGE), -- F. Supp. 3d ----, 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026) ("The proper remedy for this kind of violation is release from custody, not a bond hearing."); *Adriano L.V.*, 2026 WL 184570, at *3 (recommending immediate release where there was "not even a hint that a warrant was obtained" prior to detention); *Ahmed M.*, 2026 WL 25627, at *3 (collecting cases).  Consequently, the Court recommends that the Petition be granted insofar as Respondents be ordered to immediately release Petitioner.

The Court sets an expedited deadline for objections to this Report and Recommendation.  *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, **unless the court sets a different deadline**.") (emphasis added).  Any objections to this Report and Recommendation are due **on February 3, 2026**.  Responses to objections are due **on February 5, 2026**.

## IV.     RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** the Petition (Dkt. 1) be **GRANTED** insofar as:

1. Petitioner's current detention be declared unlawful under the Constitution and laws of the United States;

2. Respondents be ordered to immediately release Petitioner from custody in Minnesota, and no later than 11:00 a.m. Central Time on the day following an Order adopting this Report and Recommendation;

3. Respondents be ordered to coordinate Petitioner's release with Petitioner's counsel;

4. Respondents be ordered to release Petitioner with all personal documents and belongings, such as his driver's license, employment authorization, passport, other immigration documents, cell phone, and coats and other outerwear, and without conditions of release, such as ankle monitors or tracking devices, where Respondents' inability to immediately comply with this requirement shall not be a basis for delaying Petitioner's release; and

5. The Government be required within 72 hours after issuance of an Order adopting this Report and Recommendation to provide the Court with a status update confirming Petitioner's release and other compliance with such the Order.

Dated: February 1, 2026

s/ *Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. **The Court modifies this deadline such that objections are due on or before February 3, 2026.** *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, unless the court sets a different deadline."). **Responses to objections are due on or before February 5, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).